**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| WESTPORT FUEL SYSTEMS CANADA INC., <br><br> Plaintiff, <br><br> v. <br><br> FORD MOTOR COMPANY, <br><br> Defendant. | **Civil Action No. 2:21-cv-00453** <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT FORD MOTOR COMPANY'S MOTION TO STAY PENDING
RESOLUTION OF THE PENDING LITIGATION BETWEEN PLAINTIFF
<u>WESTPORT FUEL SYSTEMS CANADA AND ROBERT BOSCH LCC</u>**

# **TABLE OF CONTENTS**

I. Introduction ........................................................................................................................ 1

II. Background ........................................................................................................................ 3

III. Legal Standard ................................................................................................................... 5

IV. The Court Should Stay the Lawsuit Against Ford, as Bosch's Customer, Pending The Resolution of Bosch's Declaratory Judgment Suit ..................................................... 6

    A. The Court Should Apply the Customer Suit Exception and Stay the Lawsuit Against Ford .................................................................................... 6

        1. Customer Defendant Ford Is Merely Accused of Selling Vehicles with the Allegedly Infringing Bosch Injection Valves .............................. 7

        2. Ford Will Be Bound by the Decision in the Bosch Suit ........................... 8

        3. Bosch Is the Only Source of the Allegedly Infringing Bosch Injection Valves ....................................................................................... 8

    B. The Traditional Stay Factors Favor Staying the Ford Litigation ........................... 9

        1. A Stay Will Not Unduly Prejudice Westport ............................................ 9

        2. A Stay Will Simplify the Issues and Result in a Single Trial ................. 10

        3. A Stay Is Appropriate Because the Ford Lawsuit and Co-pending Lawsuits Are at Early Stages .................................................................. 11

V. Conclusion ....................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cellular Communications Equipment, LLC v. Apple, Inc.*,
    2016 WL 26684648 (E.D. Tex. Aug. 28, 2016) …..............................................................6

*CyWee Grp. Ltd. v. Huawei Device Co.*,
    2018 U.S. Dist. LEXIS 142173 (E.D. Tex. Aug. 22, 2018) ................................................5

*Glob. Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.*,
    2017 WL 365398 (E.D. Tex. Jan. 25, 2017) .......................................................................6

*In re Google Inc.*,
    588 F. App'x 988 (Fed. Cir. 2014) ..............................................................................10, 11

*In re Intex Recreation Corp.*,
    2018 WL 3089215 (Fed. Cir. June 13, 2018) ...................................................................10

*Katz v. Lear Siegler, Inc.*,
    909 F.2d 1459 (Fed. Cir. 1990)......................................................................................5, 6

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) ...........................................................................................................5

*Lighthouse Consulting Group, LLC v. Trust Bank*,
    2020 U.S. Dist. LEXIS 219276 (E.D. Tex. April 6, 2020) .......................................1, 6, 9

*Lighthouse Consulting Group v. Bank of Am., N.A.*,
    2020 U.S. Dist. LEXIS 219926 (Mar. 26, 2020) (J. Payne) ..............................................2

*In re Nintendo Co.*,
    544 Fed. Appx. 934 (Fed. Cir. 2013) .................................................................................7

*In re Nintendo of Am., Inc.*,
    756 F.3d 1363 (Fed. Cir. 2014)..........................................................................................5

*Pragmatus AV, LLC v. Facebook, Inc.*,
    769 F. Supp. 2d 991 (E.D. Va. 2011) ................................................................................9

*Robert Bosch, LLC v. Westport Fuel Systems Canada, Inc.*,
    Case No. 1:22-cv-00370 (E.D. Va.) ...................................................................................1

*Spread Spectrum Screening LLC v. Eastman Kodak Co.,*
    657 F.3d 1349 (Fed. Cir. 2011)......................................................................................2, 5

*In re Volkswagen Grp. of Am., Inc.,*
    2022 WL 697526 (Fed. Cir. 2022)....................................................................................11

*Westport Fuel Systems Canada, Inc. v. FCA USA LLC D/B/A FCA Group US LLC,*
    Case No. 2:21-cv-457 (E.D. Tex.)........................................................................................1

*Westport Fuel Systems Canada, Inc. v. General Motors, LLC,*
    Case No. 2:21-cv-456 (E.D. Tex.)........................................................................................1

*Westport Fuel Systems Canada, Inc. v. Mercedes-Benz USA, LLC,*
    Case No. 2:21-cv-454 (E.D. Tex.)....................................................................................1, 5

*Westport Fuel Systems Canada, Inc. v. Nissan North America, Inc.,*
    Case No. 2:21-cv-455 (E.D. Tex.)....................................................................................1, 5

**Statutes**

35 U.S.C. § 293 ...............................................................................................................2, 4

## STATEMENT OF ISSUES TO BE DECIDED BY THE COURT PURSUANT TO LOCAL RULE 7(a)(1)

1)     Whether, pursuant to the customer suit exception or its inherent power, the Court should stay this case in which Plaintiff Westport Fuel Systems Canada, Inc. alleges that the Customer Defendant Ford Motor Company has infringed two expired patents by selling vehicles that include Bosch fuel injectors, in favor of a pending case in which the supplier Robert Bosch LLC seeks a declaration that its fuel injection valves do not infringe the asserted Westport patents.

I.  **INTRODUCTION**

On December 15, 2021, Plaintiff Westport Fuel Systems Canada, Inc. ("Westport") filed five separate but essentially identical complaints in this Court.[1] Each defendant is a vehicle manufacturer or distributor, and Westport alleges that they infringe the same two expired Westport patents by selling diesel vehicles that include an allegedly infringing "injection valve." As is the case with the other Customer Defendants Westport has targeted, Ford does not design, make, or modify the accused injection valves. Rather, it purchases the allegedly infringing part "off the shelf" from intermediary supplier Robert Bosch LLC ("Bosch"). Importantly, Ford is only accused of infringing to the extent that it sells diesel vehicles that incorporate the Bosch fuel injectors. Put differently, Ford is simply a customer of Bosch that sells vehicles including the accused Bosch product. Thus, Bosch, not its customers, is the "true defendant in this dispute." *Lighthouse Consulting Group, LLC v. Trust Bank*, 2020 U.S. Dist. LEXIS 219276, *5 (E.D. Tex. April 6, 2020).

While Westport identifies Bosch fuel injectors as the "Accused Instrumentalities" in its complaints and infringement contentions, Westport did not sue Bosch. Thus, on April 4, 2022, Bosch filed a complaint seeking a declaration that its accused fuel injectors do not infringe either of the asserted Westport patents. Bosch brought this suit in the Eastern District of Virginia because

---

[1] *Westport Fuel Systems Canada, Inc. v. Ford Motor Company*, Case No. 2:21- cv-453; *Westport Fuel Systems Canada, Inc. v. Mercedes-Benz USA, LLC*, Case No. 2:21-cv-454; *Westport Fuel Systems Canada, Inc. v. Nissan North America, Inc.*, Case No. 2:21-cv-455; *Westport Fuel Systems Canada, Inc. v. General Motors, LLC*, Case No. 2:21-cv-456; and *Westport Fuel Systems Canada, Inc. v. FCA USA LLC D/B/A FCA Group US LLC*, Case No. 2:21-cv-457 (collectively, the "Texas Lawsuits"). The Defendants, Ford Motor Company ("Ford"); Mercedes-Benz USA, LLC ("Mercedes"); Nissan North America, Inc ("Nissan"); General Motors, LLC ("General Motors"); and FCA USA LLC D/B/A FCA Group US LLC ("FCA") (collectively, "Customer Defendants"), are each filing an essentially identical motion asking the Court to stay their respective cases pending the resolution of the pending declaratory judgment action brought by Bosch.

1

that court has personal jurisdiction over Westport, a foreign corporation, pursuant to 35 U.S.C. § 293.

Ford respectfully requests that this Court apply the customer suit exception and stay the lawsuit against it as a customer pending the parallel case brought by Bosch. "[T]he customer suit exception applies where the first suit is filed against a customer who is simply a reseller of the accused goods, while the second suit is a declaratory judgment action brought by the manufacturer of the accused goods." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011). "[C]ourts apply the customer suit exception to stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum." *Id.*

The lawsuit against Ford falls squarely within the customer suit exception. Bosch's non-infringement claims overlap completely with Westport's infringement allegations, and Bosch's action will resolve whether Bosch's fuel injection valve infringes the asserted patents. *See Lighthouse Consulting Group v. Bank of Am., N.A.*, 2020 U.S. Dist. LEXIS 219926, at *6 (Mar. 26, 2020) ("[A] critical question under the customer suit exception is whether the issues and parties are such that the disposition of one case would be dispositive of the other.") (J. Payne).

There can be no genuine dispute that it is more efficient for the parties and the courts for Westport to litigate the question of whether Bosch's fuel injections valves infringe in a single case, rather than five separate actions. A stay does not unduly prejudice Westport because the asserted patents have expired, and it can still attempt to prove in the Bosch action that the same "Accused Instrumentalities" (the Bosch fuel injectors) infringe the same claims of the same asserted patents and, if successful, it can still recover damages directly from Bosch, the responsible party. Moreover, litigating the claims against Bosch will give Westport the opportunity to secure

2

discovery related to the design, manufacture, and sale of the accused fuel injection valves directly from Bosch. This will not only lower each party's litigation costs and burdens but, more importantly, will also conserve this Court's limited resources for other members of the public.

Consequently, there is no reason for these five duplicative cases to proceed in Texas when the dispute can be efficiently resolved in the single case Bosch filed. To avoid duplicative efforts, judicial inefficiency, economic waste, potentially inconsistent decisions, and imposing the burdens of trial on mere customers, this Court should grant Ford's motion to stay the case against it, pending the resolution of Bosch's declaratory judgment action in the Eastern District of Virginia.

## II.     BACKGROUND

On December 15, 2021, Westport filed five essentially identical, individual lawsuits against Bosch customers alleging that they infringed U.S. Patent Nos. 6,298,829 and 6,575,138 (the "Patents-In-Suit") by making and selling diesel vehicles that incorporate the Bosch "CRI 3.0 Diesel Fuel Injector." In each complaint, Westport alleged that the Patents-In-Suit "are directed to high pressure fuel injection valves that include a passive hydraulic link that provides a load path between an actuator and valve that does not rely on a change in hydraulic pressure to generate an actuation force." *See, e.g.*, Exhibit A (Westport Complaint against Ford) at ¶ 37. Each complaint shows a Bosch fuel injection valve as the "Accused Instrumentality." *See, e.g.*, *id.* at ¶ 44. And Westport attached identical claim charts to each complaint that allegedly "detail[] the correspondence of every element of claim 1 of the [Patents-In-Suit] with features of the Accused Instrumentalities" – the Bosch injection valves. *See, e.g.*, *id.* at ¶¶ 45 and 52; Exhibits 3 and 4 thereto.[2]

---

[2] The Nissan and General Motors cases were consolidated, but the other three cases are not. Ford, Nissan, Mercedes, and FCA have each moved to dismiss the cases for lack of venue, and those motions are pending. *See* D.I. 20 (Ford's motion).

3

Ford moved to dismiss, *inter alia*, Westport's claims of indirect and joint infringement on March 24, 2022. *See* D.I. 20. On March 31, Westport agreed to amend its complaint to remove allegations of indirect and joint infringement. *See* Exhibit D (March 31, 2022 E-Mail from J. Pierce to A. Ligotti). Thus, only allegations of direct infringement remain against Ford.

On April 12, 2022, Westport served Ford with its Disclosures of Asserted Claims and Infringement Contentions ("Infringement Contentions"). *See* Exhibit B. Westport asserted direct infringement of various independent and various dependent claims between the two Asserted Patents. All of the asserted claims are apparatus claims directed to "[a]n injection valve for injecting fuel into a combustion chamber of an internal combustion engine…." *See id*. at pp. 8, 21.

In its infringement contentions, Westport confirmed that the accused injection valves are "versions of the Bosch CRI 3.0 Piezo Injector having Bosch part number 0445117043." *Id*. Westport's infringement allegations hinge entirely on the question of whether the accused Bosch fuel injectors meet each element of the asserted claims.

On April 4, 2022, Bosch filed a declaratory judgment action in the Eastern District of Virginia, where there is proper venue and personal jurisdiction.[3] In that case, Bosch seeks a declaration that its fuel injection valves—the "Accused Instrumentalities" in the Texas Lawsuits—do not infringe any claim of either of Westport's asserted patents. That single case will efficiently and fully resolve the overlapping infringement and damages issues raised in the five Texas Lawsuits.

---

[3] Because Westport is a Canadian company that (i) does not reside in the United States and (ii) seems not to have designated a service agent with the U.S. Patent and Trademark Office, the Eastern District of Virginia appears to be the only court with personal jurisdiction over Westport with respect to Bosch's claims. *See* 35 U.S.C. § 293.

Finally, on April 15, 2022, Nissan moved to stay its case under the customer suit exception, pending the resolution of Bosch's declaratory judgment action in the Eastern District of Virginia. *See* Case No. 2:21-cv-455 (E.D. Tex.) at D.I. 57. Mercedes followed suit on April 19, 2022. *See* Case No. 2:21-cv-454 (E.D. Tex.) at D.I. 36.

### III.   LEGAL STANDARD

This Court "has the inherent power to control its own docket, including the power to stay proceedings." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When, as here, a plaintiff sues multiple defendants simply because they are all customers of the same supplier, "courts apply the customer suit exception to stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum." *Spread Spectrum*, 657 F.3d at 1357. That is, "[w]hen a patent owner files an infringement suit against a manufacturer's customer and the manufacturer then files an action of noninfringement or patent invalidity, the suit by the manufacturer generally take[s] precedence." *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014).

"At the root of the preference for a manufacturer's declaratory judgment action is the recognition that, in reality, the manufacturer is the true defendant in the customer suit." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). The customer suit exception is "intended to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *CyWee Grp. Ltd. v. Huawei Device Co.*, 2018 U.S. Dist. LEXIS 142173, *7-8 (E.D. Tex. Aug. 22, 2018) (internal citations deleted).

**IV.     THE COURT SHOULD STAY THE LAWSUIT AGAINST FORD, AS BOSCH'S CUSTOMER, PENDING THE RESOLUTION OF BOSCH'S DECLARATORY JUDGMENT SUIT**

The Court should stay the lawsuit against Ford so that the issue of whether or not Bosch's fuel injection valves infringe the Patents-In-Suit can be efficiently resolved by a single court in one case. Courts in this District have also granted motions in cases similar to the facts present here. *See, e.g.*, *Cellular Communications Equipment, LLC v. Apple, Inc.*, No. 6:14-cv-251, 2016 WL 26684648, at *3 (E.D. Tex. Aug. 28, 2016) (severing and staying claims against cellular phone carriers in view of claims against manufacturer Apple on the same patents); *Glob. Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.*, 2017 WL 365398, at *5-6 (E.D. Tex. Jan. 25, 2017) (staying over thirty patent infringement lawsuits against customers of Amazon and allowing Amazon to pursue a declaratory judgment action in the Eastern District of Virginia on the same patent claims).

**A.     The Court Should Apply the Customer Suit Exception and Stay the Lawsuit Against Ford**

"[T]he primary question is whether the issues and parties are such that the disposition of one case would be dispositive of the other." *See Katz*, 909 F.2d at 1463. "In evaluating the customer-suit exception, courts consider three factors: (1) whether the customers in the first-filed action are mere resellers of products manufactured by the party in the second-filed action; (2) whether the customers in the first-filed action have agreed to be bound by any decision in the second-filed action, and; (3) whether the manufacturers in the second-filed action are the only source of the allegedly infringing activity or product." *Lighthouse*, 2020 U.S. Dist. LEXIS 219276, at *3. Here, each factor weighs in favor of a stay.

### 1.   Customer Defendant Ford Is Merely Accused of Selling Vehicles with the Allegedly Infringing Bosch Injection Valves

Ford satisfies the first prong of the customer suit exception analysis because it is, at most, a customer of Bosch and sells vehicles that simply incorporate Bosch's accused injection valve.

In its complaint and infringement contentions, Westport makes clear that its real dispute is with Bosch, not Ford as a customer defendant. The Accused Instrumentalities are Bosch injection valves. *See, e.g.*, Ex. A at ¶ 44. Ford is only alleged to infringe to the extent that it is Bosch's customer and sells vehicles incorporating the accused Bosch injection valves.

Westport does not allege that Ford designs, makes, or modifies the accused injection valves, but simply alleges that Ford's diesel vehicles "utilize[]" the accused fuel injector. *See, e.g.*, *id*. at ¶¶ 44, 52. Rather, Ford is only a party to the lawsuit because it is a customer of Bosch. Westport makes clear that Ford's allegedly infringing conduct is based on its sale of "vehicles that embody products that infringe the [Patents-In-Suit]." *See, e.g.*, *id.* at ¶ 42. Moreover, each element of the asserted claims allegedly corresponds to internal components of Bosch CRI 3.0 Piezo Injector—not to anything that Ford adds to Bosch's fuel injector. *See, e.g.*, Ex. B.

As a mere reseller of the Accused Instrumentalities incorporated into a much larger product, Ford "will have very little to offer in the way of evidence regarding the substantive aspects of the infringement case. [It] can add little to nothing regarding how the technology underlying the accused products works." *In re Nintendo Co.*, 544 Fed. Appx. 934, 941 (Fed. Cir. 2013). Bosch has the knowledge and evidence regarding how its proprietary technology was designed, manufactured, and works, and Westport can seek it directly from Bosch through discovery in the Bosch case (rather than attempt separate, duplicative, third party discovery in each of the individual co-pending lawsuits). Thus, the first factor of the customer suit exception analysis favors a stay.

### 2. Ford Will Be Bound by the Decision in the Bosch Suit

The second prong of the customer suit exception also favors a stay. Bosch has sought "a declaratory judgment that neither Bosch nor the Accused Bosch Products (*e.g.*, at least the Bosch CRI 3.0 Piezo Injector having Bosch part number 0445117010) infringed, literally or under the doctrine of equivalents, any claim of the Patents-In-Suit." *See, e.g.*, Exhibit C (Complaint for Declaratory Judgment) at ¶¶ 5, 7, 29, 37. If Bosch wins, then there is no infringement (either by Bosch or by any of the Customer Defendants—including Ford—that sell vehicles with accused Bosch injection valves). If Westport counterclaims and wins, it will recover any damages from Bosch, thereby exhausting any damages that could be obtained from Ford and other customers incorporating the Bosch injectors into their vehicles. Either way, the litigation against the Customer Defendants will be resolved, and Ford, therefore, agrees to be bound before this Court by the final outcome in the second-filed action (Bosch's declaratory judgment action) with respect to the alleged infringement of the accused Bosch product, should the Court grant this stay, subject to a final determination in any action or proceeding that the Asserted Patents are held to be invalid or unpatentable.

### 3. Bosch Is the Only Source of the Allegedly Infringing Bosch Injection Valves

As shown in its infringement contentions, the only injection valves that Westport alleges infringes are versions of the Bosch "CRI 3.0 Piezo Injector." *See, e.g.*, Ex. B at pp. 8, 21. Thus, the third prong of the customer suit exception also favors a stay because Bosch is the only source of the accused products. Neither Ford nor any of the other customers in the co-pending lawsuits design, make, or sell injection valves alleged to infringe the Asserted Patents, and no other supplier makes the accused Bosch injection valves.

Because each of the three factors of the customer suit test favor a stay, the Court should stay the case against Ford to allow Bosch's single declaratory judgment case to efficiently resolve Westport's infringement allegations.

### B. The Traditional Stay Factors Favor Staying the Ford Litigation

Even were the Court not to consider the customer suit exception, it should exercise its inherent power to stay the case against Ford. "[I]n considering a motion to stay, courts evaluate: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Lighthouse*, 2020 U.S. Dist. LEXIS 219276, at *3.

#### 1. A Stay Will Not Unduly Prejudice Westport

The first factor—whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party—weighs strongly in Ford's favor. A stay would not unduly prejudice Westport, which waited about two years after the two asserted patents expired to bring this case. To the contrary, a stay would allow Westport to quickly and efficiently resolve its claim that Bosch's injection valves infringe in a single action, where Westport could seek discovery directly from Bosch about the accused products.

While this Court resolves patent disputes expeditiously, it is likely that the Bosch case will proceed on an equally fast, if not faster, track. "The Eastern District of Virginia is known as [a] 'rocket docket' because civil actions quickly move to trial or are otherwise resolved." *Pragmatus AV, LLC v. Facebook, Inc.*, 769 F. Supp. 2d 991, 996 (E.D. Va. 2011). And, unlike the Virginia court, this Court will have to litigate multiple ancillary disputes, such as the pending motions to dismiss or transfer for improper venue. Bosch's declaratory judgement action will also provide for effective and convenient discovery because it is Bosch and its related companies, not Ford and the

9

other Customer Defendants, that controls the relevant documents, witnesses, and knowhow related to the Accused Instrumentalities.

### 2. A Stay Will Simplify the Issues and Result in a Single Trial

The second factor – whether a stay will simplify the issues and trials – also weighs in Ford's favor. There are only two options. The first is five separate trials with five different juries, each of which is asked to separately consider whether the same Bosch injection valves infringe and who may reach inconsistent results. The alternative is a single suit with one trial that will resolve whether those accused products infringe. The same questions will be resolved either way, but there can be no dispute that Bosch's declaratory judgment action will simplify the issues and eventual trial(s).

The co-pending lawsuits and Bosch's declaratory judgment action share overlapping questions of fact and law. As is plain from its complaints, Westport's infringement claims against Ford and the other four Customer Defendants are virtually identical, each focusing on the alleged infringement by Bosch's injection valve. *See, e.g.*, Ex. A at ¶ 44; *see also* Exhibit E (Westport Complaint against FCA) at ¶ 44; Exhibit F (Westport Complaint against General Motors) at ¶ 48; Exhibit G (Westport Complaint against Mercedes) at ¶ 44; Exhibit H (Westport Complaint against Nissan) at ¶ 44. Given the complete overlap, simultaneously litigating the same issues in both the customer defendant lawsuits and Bosch's case would result in duplicative litigation, including multiple *Markman* hearings and cumulative fact and expert discovery and disputes.

In contrast, staying the co-pending Texas Lawsuits, including the present action, pending resolution of Bosch's declaratory judgment action avoids this significant waste of judicial resources and simplifies the issues for the Court, the parties, and ultimately a single jury. *See In re Intex Recreation Corp.*, No. 2018-131, 2018 WL 3089215 (Fed. Cir. June 13, 2018) (citing *In re*

10

*Google Inc.*, 588 F. App'x 988, 992 (Fed. Cir. 2014) (directing the district court to stay patent infringement proceedings against defendants pending the outcome of Google Inc.'s declaratory action of noninfringement and invalidity concerning the accused instrumentality at the heart of the infringement case against Google's customers)).

### 3. A Stay Is Appropriate Because the Ford Lawsuit and Co-pending Lawsuits Are at Early Stages

The third factor also weighs heavily in favor of a stay because discovery in the suit against Ford and the other co-pending Texas Lawsuits is not complete, and no trial date has been set. The co-pending Texas Lawsuits were only filed mid-December and have not substantively advanced. Indeed, across the Texas Lawsuits the Court has yet to resolve multiple motions to dismiss for improper venue, and many of the Customer Defendants, including Ford, have yet to answer the complaint. While Westport has served its preliminary infringement contentions against Ford, those contentions are directed to whether the accused Bosch injection valve infringe and could be readily applied in the Bosch case. *See, e.g.*, Ex. B at pp. 8, 21. There has been little or no discovery beyond the venue disputes and the Scheduling Conference in this case will not occur until next month. *See* Notice of Hearing docketed on April 19, 2022. Moreover, Westport will suffer no prejudice as a result of a stay should this Court reach the conclusion that venue is improper, consistent with the Federal Circuit's ruling in *In re Volkswagen Grp. Of Am., Inc.* that independently owned dealerships controlled by third parties are not places of business of automobile manufacturers like Ford. *See* D.I. 20; 2022 WL 697526, at *6-8 (Fed. Cir. 2022).

In sum, "it is clear that there [is] no need to proceed with the five Texas actions because the one [Virginia] action may suffice." *In re Google Inc.*, 588 Fed. Appx. 988, 990 (Fed. Cir. 2014). "The only potential results of adjudicating these cases in parallel fashion would be the Texas and [Virginia] courts agree on the major issues of the litigation, thus producing wasteful

11

and unnecessary litigation, or the courts disagree, thus producing conflicting decisions." *Id*. This motion therefore presents a classic case for staying litigation pending resolution of a pending declaratory judgment action in which the *true* defendant is already a party.

## V. CONCLUSION

For the foregoing reasons, Ford respectfully requests that this Court enter an Order directing that all claims against it involving the Asserted Patents be stayed, until the final resolution of the claims between Westport and Bosch in Bosch's declaratory judgment action in the Eastern District of Virginia. Ford also request that all deadlines in this case be vacated until the stay is lifted and new deadlines are established.

Dated: April 25, 2022

Respectfully submitted,

*/s/ Michael S. Connor*
Michael S. Connor
Alston & Bird LLP
101 South Tryon Street, Ste. 4000
Charlotte, NC 28280-4000
Phone: (704) 444-1022
Fax: (704) 444-1111
mike.connor@alston.com

Natalie C. Clayton (*pro hac vice*)
Andrew J. Ligotti (*pro hac vice*)
Alston & Bird LLP
90 Park Avenue
New York, NY 10016-1387
Phone: (212) 210-9400
Fax: (212) 210-9444
natalie.clayton@alston.com
andy.ligotti@alston.com

*Counsel for Defendant Ford Motor Company*

## CERTIFICATE OF CONFERENCE

I certify that in compliance with Local Rule CV-7(g), counsel for Defendant Ford Motor Company met and conferred with lead counsel for Plaintiff via e-mail on April 5, 2022 and April 8, 2022, in a good faith attempt to resolve this issue. Those discussions conclusively ended in an impasse because Plaintiff is not willing to agree to a stay proposed by Ford, leaving an open issue for the Court.

*/s/ Michael S. Connor*
Michael S. Connor

## CERTIFICATE OF SERVICE

I certify that on April 25, 2022, a copy of the foregoing Motion was electronically filed with the Clerk of the Court, United States District Court for the Eastern District of Texas and served via the Court's ECF system.

*/s/ Michael S. Connor*
Michael S. Connor