IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WESTPORT FUEL SYSTEMS CANADA INC., <br><br> Plaintiff, <br><br> v. <br><br> FORD MOTOR COMPANY, <br><br><br> Defendant, <br><br><br><br> FCA USA, LLC D/B/A FCA GROUP US LLC, <br><br><br><br> Defendant. | § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:21-CV-00453-RWS <br> (LEAD) <br><br><br><br><br><br> CIVIL ACTION NO. 2:21-CV-00457-RWS <br> (MEMBER) |

## ORDER

Before the Court is the Report and Recommendation of the United States Magistrate Judge (Docket No. 115), which contains his findings, conclusions and recommendations concerning Defendant FCA USA, LLC d/b/a FCA Group US LLC's ("FCA") Renewed Motion to Dismiss or Transfer for Improper Venue (Docket No. 56). Plaintiff Westport Fuel Systems Canada Inc. ("Westport") filed the above-captioned civil actions to allege patent infringement against FCA and other vehicle manufacturers. *See, e.g.*, Docket No. 1. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636. FCA later moved to dismiss Plaintiff's claims against FCA for improper venue. Docket No. 56.

After reviewing the pleadings, the Magistrate Judge issued a report that recommended granting FCA's Motion to Dismiss (Docket No. 56) and dismissing Plaintiff's complaint against FCA without prejudice. Docket No. 115. Plaintiff filed responsive objections on two grounds: (1) assertions that the Magistrate Judge's Report deviates from the Federal Circuit's requirements for showing a "regular and established" place of business and (2) assertions that the Report fails

to consider the totality of evidence establishing FCA's alleged interim control over dealerships in the district. Docket No. 117. Having reviewed the Magistrate Judge's Report and Plaintiff's objections thereto, the Court hereby adopts the Report and Recommendation of the Magistrate Judge (Docket No. 115) as the findings and conclusions of this Court.

In its objections, Plaintiff first argues that the Magistrate Judge's Report "imposes a requirement to show" predictability or a reserved office space for FCA employees at the dealership. Docket No. 117 at 3. Plaintiff submits that such requirements exceed the standard set forth by the Federal Circuit to show a "regular and established" place of business. Docket No. 117 at 3–5 (citing *In re Cray*, 871 F.3d 1355, 1362 (Fed. Cir. 2017)). As an initial matter, the Court does not interpret the Magistrate Judge's Report as imposing a requirement of predictability or a reserved office space to demonstrate a "regular and established" place of business. Rather, these showings are merely exemplary factors that the Court may consider under the "regular and established" prong of *Cray*. Accordingly, Plaintiff's objection on this basis is without merit.

Plaintiff does, however, correctly note that the Federal Circuit's explanation of "regular" references a "series of … acts." *Id.* at 4 (citing *Cray* at 1362). But despite this reference, the Federal Circuit clearly states that "sporadic activity cannot create venue." *Cray*, 871 F.3d at 1362 (citation omitted). Thus, while a regular series of acts may establish venue, a sporadic set of acts cannot. *Id.* Plaintiff must, therefore, show more than mere "sporadic activity" in the district to establish venue. Here, Plaintiff's evidence of FCA's presence in the district primarily consisted of, and relied on, 588 dealership visits over the course of a year between five FCA employees responsible for 42 dealerships. Docket No. 115 at 5. Indeed, Plaintiff's evidence demonstrates a set of sporadic visits. But contrary to its assertion, Plaintiff failed to offer any evidence that demonstrated such visits were "steady, uniform, orderly, and methodical," as the Magistrate Judge's Report finds.[1] Docket No. 115 at 5 (citing *Cray*, 871 F.3d at 1362); *see also* Docket No. 117 at 5.

---

[1] For example, in its response to FCA's Motion to Dismiss (Docket No. 56), Plaintiff concedes that the time and frequency of FCA's employees' dealership visits are discretionary. Docket No. 74 at 16.

Plaintiff next argues that the Magistrate Judge failed to consider the totality of FCA's employee presence in the district together with FCA's (1) equipment at the dealerships, (2) personal property and (3) contractual control over the dealerships. Docket No. 117 at 5–6. As noted in the Magistrate Judge's Report, the primary question is whether FCA "had an employee … with a regular, physical presence at its 'place of business' and whether that employee … was conducting [FCA]'s business." Docket No. 115 (citing *In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020)). Plaintiff failed to cite any controlling law to support its contention that the existence of FCA equipment or personal property within the district is relevant to this inquiry.

Accordingly, the remaining considerations are whether FCA's employee presence and contractual control over the dealerships in the district satisfy the second prong of *Cray*. As discussed above, the evidence demonstrating FCA's employee presence in the district was insufficient to establish regularity above sporadic activity. The Magistrate Judge's Report also compares contractual provisions, that Plaintiff claims are relevant to interim control, with similar provisions discussed by the Federal Circuit in *In re Volkswagen Grp. of Am., Inc.*, 28 F.4th 1203 (2022). Docket No. 115 at 3–4.

The contractual provisions Plaintiff relies on in its objections were either discussed in the Magistrate Judge's Report or are otherwise "merely reflective of the ordinary desire of manufacturers to set sufficient minimum performance and quality standards to protect the good name of their trademark that they are allowing another to display" and "do not establish, without more, the kind of close control … that would indicate" an agency relationship. Docket No. 115 (citing *Volkswagen*, 28 F.4th at 1213 (citation omitted)). Plaintiff has not convinced the Court that the regular and established prong of *Cray* is satisfied by a combination of employee presence that

is not "steady, uniform, orderly, and methodical" with contractual provisions insufficient to show interim control.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Petitioner objected. *See* 28 U.S.C. § 636(b)(1) (explaining that a district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such review, the Court has determined that the Report of the Magistrate Judge is correct and Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that Plaintiff's objections (Docket No. 117) are **OVERRULED**, and the Report of the Magistrate Judge (Docket No. 115) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Defendant FCA's Renewed Motion to Dismiss for Improper Venue (Docket No. 56) is **GRANTED**.

**So ORDERED and SIGNED this 15th day of September, 2022.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE